UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:07-cv-37 |
| Plaintiff, | : | Dlott, J. |
| vs. | : | Black, M.J. |
| WILLIAM BAUER, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT:  (1)DEFENDANTS' MOTION TO DISMISS (Doc. 9) BE GRANTED; AND (2) THIS CASE BE CLOSED**

Plaintiff David Easley, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983. Defendants are SOCF Correctional Officers William Bauer and Jason Joseph, SOCF Lt. Preston Messer, the SOCF mail room supervisor (unnamed), Ohio Department of Rehabilitation and Correction (ODRC) Chief Inspector Gary Croft, and ODRC employee Greg Trout.

## I.  BACKGROUND

In the original complaint, filed January 19, 2007, Plaintiff alleged that Bauer and Joseph used excessive force and uttered racial slurs against him on September 30, 2006, and that Messer, a supervisor, not only failed to stop the abuse, but also threatened Plaintiff with mace.  (*See* Doc. 2 at p. 5.)  Plaintiff also alleged that the mailroom

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

supervisor withheld his magazines without notice, and that Croft and Trout enforced a policy to withhold magazines from prisoners in Unit J-1, a detention unit, by denying and/or mishandling his grievances about the magazine policy. (*See id.* at pp. 6-7.) Plaintiff requested punitive damages in the amount of $295,000.00. (*Id.* at p. 8.)

In a second complaint filed on February 20, 2007 (and construed as an amended complaint (*see* Doc. 6 at p. 2)), Plaintiff clarifies that his claims are that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. (*See* Doc. 7.) He further alleges that several of his magazines are now missing as a result of the policy to withhold materials from prisoners in Units J-1 and J-2. (*Id.* at p. 5.) Plaintiff also acknowledges that he filed a previous lawsuit in the Ohio Court of Claims against SOCF and the ODRC based on the alleged September 30, 2006 assault. (*See id.* at p. 2.) The amended complaint includes a request for "punitive and nominal damages" and unspecified "injunctive relief." (*Id.* at p. 6.)

On April 27, 2007, Defendants filed a motion to dismiss the present action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 9.) Defendants contend that the excessive force claim has been waived because it arises from the same acts or omissions presented to the Ohio Court of Claims. (*See id.* at pp. 3-5.) Defendants maintain that Plaintiff's allegations regarding the magazine policy are insufficient to state a claim because a temporary denial of printed materials to prisoners in disciplinary segregation is justified by legitimate penological interests. (*See id.* at p. 6.)

In response, Plaintiff further argues that the denial of printed material amounts to a blanket ban in violation of his rights of free speech and due process.

## II.  DISCUSSION

### A.  Standard of Review

On consideration of a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (citations omitted); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Because Plaintiff brings this case *pro se*, the Court liberally construes his allegations in his favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).  Moreover, "[a] *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Although the Court may not consider matters outside of the pleadings in reviewing a Rule 12(b)(6) motion, when parties attach exhibits to a pleading, as in this case, the

-3-

attachments become part of that pleading. *See* Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997). Additionally, the Court may take judicial notice of items in the public record when deciding a motion to dismiss without converting the motion to a motion for summary judgment. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

  **B.** **Excessive Force Claim**

  Defendants argue first that by filing a claim in the Ohio Court of Claims, Plaintiff waived his right to file a federal claim for monetary relief based on the same acts or omissions. *See Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996); *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951-52 (6th Cir. 1987) (*en banc*), *cert. denied*, 487 U.S. 1204 (1988); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 459-60 (6th Cir. 1998).

  Plaintiff argues that he has not waived his excessive force claim because the Court of Claims action is not identical to the present action. That is, the present action is against different defendants (the named individuals, not the SOCF or the ORDC) and is based on a distinct cause of action. Plaintiff maintains that he is seeking redress in the state court for violations of the state statute against assault, not the constitutional prohibition against excessive force, and points out that the state court action does not include the mail room claim. Contrary to Plaintiff's assertion, however, an identity of claims and defendants is not required. The waiver applies to any cause of action, based on the same acts or omissions, which he may have against any officer or employee of the

state.

For the waiver to be valid, however, the Plaintiff's choice to pursue relief in the Court of Claims must be "knowing, intelligent, and voluntary." *See Leaman*, 825 F.2d at 956. A waiver is presumed knowing, intelligent, and voluntary where a plaintiff is represented by competent counsel. *Id.* Where a plaintiff is proceeding *pro se*, as in the present case, the court must make a factual finding as to whether the plaintiff knowingly, intelligently, and voluntarily waived his right to proceed in federal court by filing in the Ohio Court of Claims. *See Kajfasz v. Haviland*, 55 Fed. Appx. 719, 721-22 (6th Cir. 2003). A finding that the waiver was knowing, intelligent and voluntary may be based on the *pro se* litigant's experiences in previous litigation. *See Williams v. Smith*, No. 05-CV-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006).

A review of the Court's docket reveals that Plaintiff is an experienced litigant who has filed as many as ten other *pro se* federal civil actions, including one in which he presented evidence and arguments in a jury trial. *See*, *e.g.*, *Easley v. Dillow*, No. C-1-99-00198 (S.D. Ohio Aug. 15, 2001) (judgment entry on jury verdict for defendants).

Additionally, Plaintiff's assertion that he should have a choice of which case to pursue (*see* Doc. 10 at p. 2) supports a finding that he was aware of the option of pursuing a remedy against the state in the Court of Claims or against the individuals pursuant to the civil rights statute, and that he made an informed choice.

In summary, it appears beyond doubt that Plaintiff cannot state an excessive force claim for money damages against Defendants Bauer, Jason Joseph, and Messer.

Defendants' motion to dismiss the excessive force claim should be granted, in part, because Plaintiff waived claims for money damages by first pursuing relief in the Ohio Court of Claims.

The motion to dismiss should be also be granted to the extent Plaintiff seeks injunctive relief. Although the Sixth Circuit has ruled that the Court of Claims waiver does not extend to claims for prospective equitable or injunctive relief, *see Turker*, 157 F.3d at 459-60, Plaintiff failed to state a claim for injunctive relief in the amended complaint. The excessive force claim is based solely on events that occurred on September 30, 2006. (*See* Doc. 7 at p. 5.) Plaintiff has not alleged a continuing violation. Where allegations relate to a single incident, a claim for injunctive relief is properly dismissed for failure to state a claim. *See Fowler v. Campbell*, No. 3:06 CV P610 H, 2007 WL 1035007, at *3 (W.D. Ky. Mar. 30, 2007).

    **C.**    **Mail Room Claim**

Defendants argue next that the allegations of an unlawful mail policy fail to state a claim because the prison policy of withholding certain printed materials from prisoners in disciplinary segregation is related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 87 (1987). Courts have found that mail policies which are designed to make temporary disciplinary detention less pleasant are related to a legitimate penological interest and do not violate a prisoner's First Amendment rights. *See Beard v. Banks*, 126 S.Ct. 2572, 2579-80 (2006); *Gregory v. Auger*, 768 F.2d 287, 289-90 (8th Cir. 1985), *cert. denied*, 474 U.S. 1035 (1985).

Even when the allegations in the complaint are construed in a light favorable to Plaintiff, he has not alleged facts to state a claim for a constitutional violation based on the decision to withhold his magazines. The documents attached to the complaint reveal that he was denied printed materials while he was in "Special Management" under a policy that required such material be held until the inmate is released from special management status. (*See* Doc. 2-2 at p. 6.) According to Plaintiff, the withholding policy applies only to inmates in J-1 and J-2. (*See* Doc. 7 at p. 5.) He further alleged that his magazines were withheld for only a limited period of time. (*See id.*) Finally, his conclusory allegation that the policy is not related to a legitimate penological interest is insufficient to state a claim upon which relief can be granted. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Plaintiff's allegation that he did not have prior notice that his magazines would be withheld also fails to state a claim upon which relief can be granted.

Courts have found that when a prisoner's correspondence is temporarily withheld because the prisoner is in disciplinary detention, procedural due process mandates that the prisoner receive written notice of the identity of the correspondent, the reason why the mail is being withheld, and the identity of the officer who has withheld the mail. *Gregory*, 768 F.2d at 291; *see also Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999). A review of the initial complaint reveals that Plaintiff received notice that his magazines, as well as CDs and cassettes, were being withheld and that he filed a notification of grievance to challenge the policy. (*See* Doc. 2-2 at pp. 6-9.)

Finally, Plaintiff fails to state a claim for a constitutional violation based on the allegation that some of the magazines which were previously withheld are now missing.

Where property loss is the result of unanticipated or unauthorized action, the plaintiff must allege inadequacy of state remedies to address the loss in order to state a claim for a procedural due process violation. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984).

The prison policy authorizing a temporary denial of written materials does not authorize a permanent deprivation or destruction of an inmate's mail. (*See* Doc. 2-2 at p. 6 ("magazines are not permitted and will be held until release from special management status")). Thus, the permanent loss of the magazines was unanticipated and unauthorized. To state a claim upon which relief can be granted, Plaintiff was required to plead facts sufficient to show the inadequacy of state remedies. He failed to do so.

## VII. CONCLUSION

In summary, it appears beyond doubt that Plaintiff cannot present any set of facts that would entitle him to relief on a claim for either money damages or injunctive relief based on the alleged use of excessive force. It also appears beyond doubt that Plaintiff cannot present any set of facts that would entitle him to relief under 42 U.S.C. § 1983 arising from either the temporary or permanent loss of his magazines.

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss (Doc. 9) should be **GRANTED,** and that this case should be **CLOSED**.


Date: _____

                                              Timothy S. Black
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID EASLEY, | : | Case No. 1:07-cv-37 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| vs. | : | Black, M.J. |
| | : | |
| WILLIAM BAUER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).